## NATIONAL PARK BANK OF NEW YORK v. KOEHLER.

(Supreme Court, Appellate Division, First Department. April 15, 1910.)

1. BILLS AND NOTES (§ 537*)—EXTENSION—RELEASE OF INDORSER.

Shortly before maturity of a note in suit indorsed by defendant, and discounted by plaintiff bank, the maker, a corporation, requested a renewal, proposing to give new notes indorsed by its president, but plaintiff refused to accept notes not indorsed by defendant. It then wrote plaintiff inclosing new notes, indorsed by its president, saying that, in the meantime, the maker would only assure plaintiff of payment of the notes as they fell due, and suggesting as a way out of the difficulty that the old note with defendant's indorsement be held as collateral till the new notes were paid. Thereupon, and on the date of maturity of the note in suit, the proceeds of the new note were credited, and the note in suit, which was protested for nonpayment and notice given defendant, was charged on plaintiff's books to the account of the maker. *Held*, that this was not as a matter of law an unconditional extension releasing the indorser, but presented a question of fact as to the intention of the parties as to reserving the right to sue.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 537.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BILLS AND NOTES (§ 537*)—EXTENSION—RELEASE OF INDORSER—QUESTION
FOR JURY.

In determining whether an extension of a note is unconditional so as
to release an indorser, each case turns on the intention of the parties,
which is a question of law if their acts and words are unequivocal, or
of fact if different inferences may be drawn.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 537.*]

Ingraham, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by the National Park Bank of New York against Otto
Koehler. From a judgment for plaintiff (65 Misc. Rep. 390, 121 N.
Y. Supp. 640), defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, MILLER, and DOWLING, JJ.

Oscar B. Bergstrom, for appellant.

Charles H. Payne, for respondent.

MILLER, J. This suit is brought against the defendant as indorser
of a promissory note for $15,000, made on the 22d day of March, 1907,
by the Para Recovery Company, a corporation, and discounted by the
plaintiff. Shortly before the maturity of that note, the maker re-
quested an extension or renewal, proposing to give new notes maturing
at intervals, indorsed by its president instead of by the defendant, giv-
ing as a reason for not procuring the indorsement of the latter that
he was out of the country and might not return within two or three
months. In reply to that, the plaintiff refused to accept new notes, not
indorsed by the defendant, giving as a reason that the loan was made
on his responsibility. In reply to that, the maker again wrote the plain-
tiff inclosing the proposed new notes, indorsed by its president, and
saying:

"In the meantime, we can only assure you that we will pay the notes as
they fall due and we suggest that you hold the old note with Mr. Koehler's
indorsement as collateral until the new notes are paid, as a way out of the
difficulty."

Thereupon and on the 22d day of July, 1907, the date of the ma-
turity of the note in suit, the proceeds of the new notes were credited,
and the note in suit was charged on the plaintiff's books to the account
of the maker. At the same time, the note in suit was protested for
nonpayment and due notice thereof given to the defendant.

The question is whether the legal effect of the transactions above
outlined was an unconditional extension of time, granted by the plain-
tiff to the principal debtor. Plainly, the note in suit was not paid. The
bookkeeping entries made by the plaintiff for convenience are of little
significance. The protest of the old note and the giving of notice
thereof are very significant, and show an unmistakable intention on
the plaintiff's part to reserve its rights against the defendant. Were
there nothing in the case but the letter, containing the statement above
quoted, and the acceptance by the plaintiff of the notes therewith sent,
it might be difficult to escape the conclusion that the transaction oper-
ated to suspend the right to sue on the old note until the maturity of
the new (Place v. McIlvain, 38 N. Y. 96, 97 Am. Dec. 777); but that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

statement must be read in the light of the plaintiff's previous unequivocal refusal to accept new notes not indorsed by the defendant, and its subsequent protest of the note in suit and giving notice thereof. It seems to me that the fair inference from the entire transaction is that the plaintiff absolutely reserved its right to proceed forthwith against the defendant, and that the extension of time was conditional upon the defendant's consent. It is to be noted that the statement, above quoted, says that the note with the defendant's indorsement is to be held "until the new notes are paid," not that it is to be held until they are due. As all rights against the surety were reserved, if he did not consent, the notes might have to be paid before they were in terms due. There can be no doubt that both parties understood that the new notes were accepted subject to the preservation of the defendant's liability as indorser, and it is difficult to believe that they did not know the familiar rule that an unconditional extension granted the principal without the surety's consent discharges the latter. Of course, the last suggestion could not be considered in the face of an unequivocal agreement to extend the time, but in this case no such agreement is to be found. What the parties intended has to be inferred from the entire transaction, from words and acts, and I do not think it can be said as matter of law that they intended an unconditional extension. The notice or protest informed the defendant that he was to be held liable on his indorsement. He could then have taken up the note and sued the maker, and I think it was at least a question of fact whether the parties did not intend to reserve his right to do that, to make the acceptance of the new notes by the plaintiff subject to that right.

It seems profitless to discuss the authorities, as the rules of law are well settled. Each case turns on the intention of the parties, which is a question of law, if their acts and words are unequivocal; a question of fact, if different inferences may be drawn. National Bank of Newburgh v. Bigler, 83 N. Y. 51, and cases therein cited on page 66 of the opinion, support the conclusion which I have reached.

The judgment should be affirmed, with costs.

McLAUGHLIN, LAUGHLIN, and DOWLING, JJ., concur.

INGRAHAM, P. J. I dissent. I think the plaintiff, by accepting the new notes, discounting them, placing the proceeds to the credit of the maker, and charging up the note in suit to the maker, disqualified itself from commencing an action on the note in suit, at any rate until the time at which the new notes were payable. There was an extension of payment of the note in suit which would prevent the defendant from at any time paying the debt and recovering against the maker of the note in suit. There was no statement, express or implied, that the bank reserved for the benefit of the indorser its liability upon the note in suit so that the indorser could at any time by paying the note in suit have enforced it against the maker. The effect of the agreement, as I understand it, was that the bank should hold the liability of the indorser if the new notes were not paid, an agreement which, to be binding upon the indorser, required that he should participate in it. It was all done without his knowledge or consent. To prevent this

extension of the time of payment from operating to discharge the indorser, it seems to me it was necessary that the liability of the maker of the note in suit should have been preserved intact so that the defendant by paying the note at any time could have enforced that liability. I think, under the arrangement adopted between the plaintiff and the maker of the note, the right of action against the maker of the note was either discharged or suspended, and that discharged the indorser.

I think, therefore, the judgment should be reversed.